IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KYCO SERVICES, LLC**, a Utah limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>**CEDAR AND SAGE HOMES, LLC**, an Idaho limited liability company, and **Does 1– 10**,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br><br>Case No. 2:23-CV-00235-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

On May 17, 2023, Defendant Cedar and Sage Homes, LLC filed a motion to dismiss this action for lack of personal and subject matter jurisdiction. ECF No. 7. For the reasons stated herein, Defendant's motion is GRANTED.

**BACKGROUND**

On April 11, 2023, Plaintiff filed suit against Defendant, alleging breach of contract and related state law claims. ECF No. 1. Plaintiff's complaint asserted that the court has personal jurisdiction over the Defendant "because Defendants entered into a contract with Plaintiff, a Utah limited liability, that is at the heart of the dispute between the parties." *Id.*, ¶ 5. Plaintiff's complaint also asserted that the court has subject matter jurisdiction on account of both federal questions raised in the complaint and the parties' diversity of citizenship.[1] *Id.*, ¶ 3.

Defendant filed the present motion to dismiss in May 2023. ECF No. 7. In its response, Plaintiff stated that it desired to amend its complaint to adequately allege facts supporting subject

---

[1] Plaintiff abandoned the position that the court possesses federal question jurisdiction over this dispute in its response to Defendant's motion. *See* ECF No. 8, at 7 ("[T]he inclusion of citations to federal question [jurisdiction] was due to a typographical error[.]").

matter jurisdiction. ECF No. 8. But Plaintiff did not file a motion for leave to amend or otherwise seek to correct the insufficiencies in its complaint. Nonetheless, the court ordered Plaintiff to show cause why its case should not be dismissed and informed Plaintiff that it could seek leave to conduct limited jurisdictional discovery if it could not otherwise obtain the facts necessary to allege the citizenship of the parties' members. ECF No. 10.

On December 4, 2023, in response to the court's order to show cause, Plaintiff requested leave to conduct limited jurisdictional discovery. ECF No. 11. "Within 30 days" of January 25, 2024, the court ordered, "Plaintiff shall have leave to conduct limited jurisdictional discovery, consisting of up to five (5) interrogatories and ten (10) requests for documents to Defendant and a subpoena to a third party. *At the conclusion of this period, Plaintiff shall file a document alleging the complete citizenship of all parties*." ECF No. 12, at 2 (emphasis added). Thirty days came and went, and Plaintiff failed to comply with the court's order.

In the 30 days following January 25, 2024, Plaintiff failed to conduct any of the limited jurisdictional discovery for which it had requested leave. On March 5, 2024, the court entered a second order directing the Plaintiff to show cause why its case should not be dismissed for lack of subject matter jurisdiction. ECF No. 13. In response, Plaintiff informed the court that despite its order granting Plaintiff leave to conduct limited jurisdictional discovery within 30 days of January 25, 2024, Plaintiff "anticipated" that its discovery "will be issued not later than March 18, 2024." ECF No. 14. Plaintiff provided no explanation for its delay or its failure to comply with the court's order.

**LEGAL STANDARD**

Defendant moves the court to dismiss Plaintiff's complaint for lack of subject matter

jurisdiction.[2] Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Defendant's motion presents "a facial attack on the complaint's allegations as to subject matter jurisdiction" because Defendant questions "the sufficiency of the complaint." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* However, the court excludes those conclusory allegations that would not survive a Rule 12(b)(6) motion to dismiss. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

**ANALYSIS**

Both the Plaintiff and the Defendant are limited liability companies. While a corporation is a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business, an LLC is a citizen of every state in which any of its members is a citizen. *See*

---

[2] Defendant also moves to dismiss this action for lack of personal jurisdiction. Because the court concludes that it lacks subject matter jurisdiction, however, it cannot reach this issue. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 866, 33 V.I. 385 (3d Cir. 1996) ("A court may not . . . exercise authority over a case for which it does not have subject matter jurisdiction.")).

*Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010)). In order to adequately allege diversity of citizenship, Plaintiff was therefore required to allege the citizenship of every member of both parties. But Plaintiff's complaint did not do so. *See* ECF No. 1. Plaintiff therefore failed to meet its obligation to allege sufficient facts for the court to determine that this dispute is one "between citizens of different States." 28 U.S.C. § 1332(a).

The court offered the Plaintiff an opportunity to remedy this shortcoming by conducting limited jurisdictional discovery within 30 days of January 25, 2024. ECF Nos. 12, 14. Plaintiff declined that invitation by failing to conduct any discovery in the allotted time. Now, Plaintiff requests an extension of time in which to conduct jurisdictional discovery. But the court declines Plaintiff's request on account of Plaintiff's failure to provide any explanation for its delay and its consequent failure to comply with this court's prior order. The court therefore concludes that Plaintiff has failed to demonstrate that the court has subject matter jurisdiction under 28 U.S.C. § 1332 on account on the parties' diverse citizenship.

**CONCLUSION AND ORDER**

For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED** and this action is **DISMISSED** without prejudice.

Signed March 11, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge

4